UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RADIATOR EXPRESS WAREHOUSE, INC., d/b/a 1-800-RADIATOR,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE RADIATOR PACIFIC, LLC, and PERFORMANCE CONTAINER CO., LLC,<br><br>Defendants. | Case No. 09-5691RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on Defendants' Motion to Compel (Dkt. 35). The Court has considered the motion, responses, and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 4, 2009, Plaintiff Radiator Express filed a complaint, which was amended on November 13, 2009. Dkts. 1, 5. Plaintiff alleges in its amended complaint that Defendants Performance Radiator and Performance Container breached a contract, breached an implied covenant of good faith and fair dealing, violated the Lanham Act, violated the Washington State Consumer Protection Act, interfered with a contractual relationship, and committed trade defamation. Dkt. 5.

On March 2, 2010, Defendants served Plaintiff with its first set of Interrogatories and Requests for Production. Dkt. 36-2, Ex. 4. Defendants state that the requests seek, among other

ORDER - 1

things, information and documents that support the Plaintiff's claim that it suffered damages caused by Defendants' alleged conduct, and documents that support the Plaintiff's allegation that it has been impaired in its management of franchisees and in its financial condition. Dkt. 35, p. 3. Defendants state that the Plaintiff objected to each of the requests, refused to produce responsive documents, and insisted that its expert report, which has not been disclosed, will satisfy its obligation to respond. Dkt. 35, p. 3-4. Defendants state that after conferring with opposing counsel, Plaintiff agreed to produce certain, select documents, but not others, in support of its damages claim. Dkt. 35, p. 4. Defendants allege that Plaintiff has failed to produce the documents it agreed to produce after the conference between counsel. *Id*. Defendants' state that they have conferred with opposing counsel and have been unable to resolve the discovery issue. *Id*. On July 1, 2010, Defendants filed this motion to compel discovery. Dkt. 35. The Defendants are requesting that the Court compel Plaintiff to respond, in full, to: (1) Interrogatory No. 5 and Request for Production Nos. 11 and 12, and (2) Request for Production Nos. 13-28 of Defendants' first written discovery requests. Dkt. 35, p. 1.

## II. DISCUSSION

Defendants argue that it has a right to all relevant financial information and documents, not just those that Plaintiff believes supports its position, because the requested documents and information relates to the Plaintiff's claims of financial harm and impairment of its management of franchisees. Dkt. 35, p. 6.

Plaintiff responds by arguing that it does not need to produce documents or information related to Interrogatory No. 5, and Document Requests Nos. 11 and 12, because it is not required to produce such documents or information until the expert disclosure deadline. Dkt. 40, p. 4-5. Additionally, Plaintiff states that it does not need to produce documents or information related to Document Requests 13 through 28 because the requests are overbroad, irrelevant, and not reasonably calculated to lead to the discovery of relevant evidence. Dkt. 40, p. 5-7.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

ORDER - 2

evidence. *Id*. Discovery provisions are to be applied as broadly and liberally as possible. *Hickman v. Taylor*, 329 U.S. 495, 506-507 (1947). Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. *Id*. at 407.

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. Fed.R.Civ.P. Rule 37(a)(1). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. *Id*. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed.R.Civ.P. Rule 37(a)(3)(A). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed.R.Civ.P. Rule 37(a)(3)(B).

In this case, the information and documents requested by the Defendants appear related to their defense and Plaintiff's claims. Plaintiff's allegations include interference with a business relationship and economic and reputational damages. In order to defend against such allegations, it appears that it is necessary for the Defendants to establish whether there was actual harm done by their actions. Therefore, the information and documents that are requested by Defendants is relevant. Moreover, the discovery provisions are to be applied broadly and liberally so that both parties are on the same footing. Plaintiff's arguments fail when viewed in this light. Plaintiff has information and knowledge that it seeks to hold until the latest possible time. This is inappropriate under the liberal discovery rules. Plaintiff should produce all information and knowledge so that the Defendants may properly develop a defense, if any. For the foregoing reasons, the Defendants' motion to compel should be granted.

Plaintiff has filed a surreply, in response to Defendants' reply, alleging that the Defendants have brought up new issues. Dkt. 48. In Defendants' reply, they argue that Plaintiff has not produced any documents in response to the discovery requests at issue, and that Plaintiff's filings with state agencies and representations to prospective franchises are not consistent with Plaintiff's allegations. Dkt. 45. Defendants also attached 176 pages of exhibits. Dkt. 46. It is arguable whether Defendants' reply was appropriate. However, the Court did not

ORDER - 3

consider the reply or the exhibits filed in support of the motion. Therefore, Plaintiff's motion to strike the material should be denied.

### III. ORDER

The Court does hereby find and ORDER:

(1) Defendants' Motion to Compel (Dkt 35) is **GRANTED**; and the subject material shall be produced forthwith; and

(2) The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 20th day of July, 2010.

Robert J. Bryan
United States District Judge

ORDER - 4