UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RADIATOR EXPRESS WAREHOUSE, INC. d/b/a 1-800-RADIATOR,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE RADIATOR PACIFIC LLC and PERFORMANCE CONTAINER CO., LLC,<br><br>Defendants. | Case No. 09-5691RJB<br><br>ORDER DENYING DEFENDANTS MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendants Performance Radiator Pacific's and Performance Container's (collectively "Performance" or "Defendants") motion for protective order (Dkt. 42). The Court has considered the motion, the response and reply, and the relevant documents herein. The Court and parties are familiar with the underlying facts of the case and will not be repeated.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 15, 2010, Defendants filed a motion for protective order seeking to prevent discovery regarding financial records and organizational documents. Dkt. 42. Specifically, Defendants request that they not be required to produce (1) financial records in response to Plaintiff's request for production ("RFP") Nos. 5 and 6, and (3) documents describing Defendants' internal structure and governance in response to RFP 8, 9, 15, and 21. Dkt. 42, p. 1.

ORDER - 1

Plaintiff responds by arguing that the documents requested are relevant. Dkt. 50. Plaintiff specifically states that the financial information is needed to prove liability and damages, and that the organizational documents are needed to determine who may have relevant information regarding Defendants' liability. Dkt. 50.

## II. DISCUSSION

**A. Legal Standard**

"Parties may obtain discovery, regarding any nonprivileged matter that is relevant to any party's claim or defense – including the... location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. District courts have broad discretion in determining relevancy for discovery purposes. See *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. Fed.R.Civ.P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including... forbidding the disclosure or discovery; [and] ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed.R.Civ.P. 26(c)(1)(A) and (D). In order to satisfy the good cause requirement, the moving party must show that specific prejudice or harm will occur if the protective order is not granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The Ninth Circuit has stated that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Id*. Trial courts are given broad discretion in determining when a protective order is appropriate and to what degree of protection is required. *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002).

**B. Financial Records**

Defendants state that Plaintiff has requested annual statements going back ten years,

ORDER - 2

1  including profit/loss statements, income statements, and statements of cash flow. Dkt. 42, p. 5.
2  Defendants allege that these records have no bearing on either Defendants' liability or Plaintiff's
3  damages. *Id*. Moreover, Defendants allege that Plaintiff is a direct competitor "in a cut-throat
4  industry" and that releasing such documents to Plaintiff would cause harm which can not be
5  adequately remedied by the Court. Dkt. 42, p. 7.

6  Plaintiff states that the requested information is relevant to Defendants' liability and
7  Plaintiff's damages. Plaintiff alleges that the discovery is needed to "buttress its proof that
8  Performance was responsible for sending to each of its franchisees 'anonymous' letters on two
9  occasions during 2007." Dkt. 50, p. 3. Plaintiff states that the letters were sent out by
10 Performance to demoralize Plaintiff's franchisees, to the financial benefit of the Defendants.
11 Dkt. 50, p. 4. Plaintiff claims that if it can prove that the Defendants showed financial
12 improvement after the first letter was sent, then authorship of the letters and liability may be
13 established. Dkt. 50, p. 4. Finally, Plaintiff argues that in regards to Defendants' "direct
14 competitor" concern there is a confidentiality agreement between the parties which protects the
15 information requested. Dkt. 50, p. 5.

16 The information requested by Plaintiff appears relevant. If there was a financial benefit
17 to Defendant after the letters were sent, then the financial records could be indicative of
18 authorship and it may ultimately show liability. Additionally, there does not appear to be good
19 cause in this situation to grant a protective order preventing disclosure. The Defendants have not
20 shown that there would be specific harm if the financial records were produced. There appears
21 to be a confidentiality agreement between the parties that would mitigate any disclosure.
22 Moreover, the parties are free to agree among themselves who would have access to such
23 information in order to limit competitive disadvantage. Finally, the documents requested appear
24 essential to the Plaintiff's case. The Court does not see a reason to impose the remedy of a
25 complete ban on disclosures of financial documents in this situation. The Defendants' motion
26 for protective order should be denied as to financial records for the aforementioned reasons.

27 **C. Organizational Documents**

28 Defendants state that Plaintiff requested documents related to Performance's internal

ORDER - 3

1   structure and governance, including an organizational chart, phone directory, list of phone
2   representatives, and all calendar entries, diaries, and day-planners for all members. Dkt. 42, p. 7.
3   Defendants argue that Plaintiff is unable to establish the relevance or need for these documents.
4   *Id*.  Defendants state that they have already produced documents identifying all of its corporate
5   members and managing member since 1999.  Dkt. 42, p. 8.  Defendants also argue that the
6   burden and expense for Performance to compile the "duplicative information" in the requested
7   format would outweigh any potential benefit of its production.  *Id*.

8   Plaintiff argues that the information requested is relevant because it is "needed to identify
9   witnesses to depose and potentially call at trial."  Dkt. 50, p. 6.  Moreover, Plaintiff asserts that
10  Defendants have never produced any organizational documents and the identities of personnel.
11  Dkt. 50, p. 8-9.  Finally, Plaintiff argues that the production of records are not burdensome as
12  claimed by the Defendants.  Dkt. 50, p. 9.  Plaintiff states that Defendants "provides no
13  explanation or projection with respect to the number of hours needed to respond, nor the amount
14  of the expense to be incurred (if any)."  *Id*.  Plaintiff also notes that the Defendants have
15  requested similar information in a separate motion.  *Id*.

16  The information requested by Plaintiff appears relevant or reasonably calculated to lead
17  to the discovery of admissible evidence.  The identities and position of personnel within a
18  company is relevant in this situation where the Plaintiff alleges that a letter was sent by
19  Performance.  The identity of a person or persons possessing knowledge of the alleged act may
20  be found through organizational documents.  Moreover, the information appears necessary in
21  order to identify potential witnesses to depose and call at trial.

22  Next, there is a dispute regarding whether the corporate identities have been produced.  It
23  is the burden of the moving party to prove that a protective order is appropriate.  *Foltz*, 331 F.3d
24  at1130.  Defendants have not shown that they produced documents in response to Plaintiff's
25  RFPs.  To the contrary, the Defendants' responses to the relevant RFPs show that they did not
26  produce any documents.  See Dkt. 43, pp. 11, 12, 15, and 17.

27  Finally, the Defendants have not shown that there would be an undue expense or burden.
28  The Defendants make only broad statements regarding expense and burden.  This is not enough

ORDER - 4

to justify a protective order preventing all disclosure of documents relating to organizational documents. For the foregoing reasons, the Defendants' motion for protective order should be denied.

### III. ORDER

The Court does hereby find and **ORDER**:

(1) Defendants' Motion for Protective Order (Dkt. 42) is **DENIED**; and

(2) The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 13th day of August, 2010.

_____
ROBERT J. BRYAN
United States District Judge

ORDER - 5